## MURPHY *v.* THE STATE.

The prisoner, indicted for arson in the *Marion* Circuit Court, applied for a continuance of the cause, to procure the testimony of a witness residing in *Cincinnati* to his good character. Twenty-one days had elapsed between the period of the prisoner's arrest under the indictment and the application for the continuance, and he had meanwhile made no effort to obtain the testimony. There is a communication, twice a day, between *Indianapolis*, the county-seat of *Marion* county, and *Cincinnati*, by railroad. *Held*, that the application was properly refused.

The Court is charged with the duty of giving the law to the jury in criminal as well as in civil cases, though in the former the jury are the judges of the law and the fact.

It is not error for the Court, on the trial of a criminal prosecution, to refuse to permit counsel to read from law books in their argument to the jury.

After the conviction of a prisoner for arson, in setting fire to a building in *Indianapolis*, he moved for a new trial, to enable him to prove an *alibi* by one *A.*, who had not been examined as a witness. The affidavit stated that the prisoner had slept with *A.*, on the night the building was burned, in *Indianapolis*, &c. It admitted that the prisoner remembered the fact distinctly before the trial, but alleged that he had forgotten *A.'s* name, and had, therefore, made no effort to obtain his testimony. *Held*, that the Court correctly overruled the motion.

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Prosecution for arson. Conviction, fine, and sentence to the state prison.

Three errors are assigned: 1. In refusing to continue the cause. 2. In refusing to permit counsel to read from law books in their argument. 3. In refusing to grant a new trial.

1. The continuance was asked to obtain the testimony of bishop *Purcell* and others to the good character of the

defendant. No effort had been made to obtain it, though
there had been time enough for the accomplishment of the
object between the arrest under the indictment and the
trial. From three to four hours, by bi-daily conveyances,
puts the citizen here in communication with *Cincinnati*,
the residence of bishop *Purcell* and the other witnesses
named. The defendant had had twenty-one days.

2. The Court is charged with the duty of giving the law
to the jury in criminal as well as in civil cases, though in
the former the jury are the judges of the law and the fact.
*Carter* v. *The State*, 2 Ind. R. 617. The Court would not
be bound to sit and hear counsel read all the numerous
treatises on criminal law to the jury; and if not all, why
any? Where should the Court stop?

3. The new trial was asked to enable the defendant to
prove an *alibi* by the testimony of one *Huston*, who had
not been examined on the trial had.

The affidavit states that the defendant slept with *Huston* the night the building in question in the case was
burned, at what appears to be *Huston's* boarding-house, in
the southern part of the city of *Indianapolis*. He admits
that he knew and remembered the fact distinctly before
the trial that had taken place, but had forgotten *Huston's*
name, and, hence, made no effort to obtain his testimony.

It would seem to have been a very easy matter to have
ascertained the name, through his counsel or some of the
bailiffs, by a few minutes' walk, or by sending to the
boarding-house. The excuse does not appear sufficient.

*Per Curiam.*—The judgment is affirmed with costs.

*T. D. Walpole*, *R. L. Walpole* and *D. Wallace*, for the
appellant.

*J. W. Gordon*, for the state.